**SOUTHWESTERN BELL TELEPHONE COMPANY, Petitioner,**

v.

**SECRETARY OF LABOR and Occupational Safety and Health Review Commission, Respondents,**

**Communications Workers of America, Local 12222, Intervenor-Employee Representatives.**

No. 77–2463
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 21, 1978.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Joseph R. Dyer, Bell Telephone Co., James M. Shatto, Houston, Tex., for petitioner.

Allen H. Feldman, Asst. Counsel, Dept. of Labor, Benjamin W. Mintz, Assoc. Sol., Carin A. Clauss, Sol. of Labor, Michael H. Levin, John A. Bryson, Attys., U. S. Dept. of Labor, Washington, D. C., for respondents.

William N. Wheat, Neta L. Frazier, Houston, Tex., for Communications Workers Bldg.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

On this Petition for Review of a Decision and Order of the Occupational Safety and Health Review Commission, the employer argues that telecommunications standard 29 C.F.R. § 1910.268(h)(8)(iii) (1976) does not require the top rung of a fixed manhole ladder to be within 12 inches of the top of the manhole, and that the 26-inch space from the top to the first rung on employer's ladders did not contravene that regulation which provides:

(8) The following requirements apply to metal manhole ladders.

.    .    .    .    .

(iii) The spacing of rungs or steps shall be on 12-inch centers.

■■■  We uphold the Commission's determination that the regulation requires the top rung of a fixed manhole ladder to be within 12 inches of the top of the manhole. We hold that such decision is not contrary to the plain meaning of the regulation nor is the regulation so vague as to violate due process. The Commission did not abuse its discretion in assessing a $50 penalty for this nonserious violation.

AFFIRMED AND ENFORCED.